AO 10
Rev. 1/2015

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2015

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Raslavich, Stephen | Eastern District of Pennsylvania | 05/11/2016 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Bankruptcy Judge | ☐ Nomination  Date<br>☐ Initial  ☑ Annual  ☐ Final<br>5b. ☐ Amended Report | 01/01/2015<br>to<br>12/31/2015 |

**7. Chambers or Office Address**

Judge Stephen Raslavich
United States Bankruptcy Court
900 Market Sreet - Suite 204
Philadephia, PA 19107

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☑ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 08/93 | See Section VIII for explanation |
| 2. | |
| 3. | |

| Name of Person Reporting | Date of Report |
|---|---|
| Raslavich, Stephen | 05/11/2016 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Raslavich, Stephen | 05/11/2016 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

✔ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

✔ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Raslavich, Stephen | 05/11/2016 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. | Fidelity Cash Reserves IRA | A | Interest | J | T | Sold (part) | 02/26/15 | K | A | |
| 2. | Fidelity Select Health Care Fund - IRA | A | Dividend | K | T | Buy | 02/26/15 | K | | |
| 3. | Wells Fargo Bank Cash Accounts | A | Interest | K | T | | | | | |
| 4. | | | | | | | | | | |
| 5. | | | | | | | | | | |
| 6. | | | | | | | | | | |
| 7. | | | | | | | | | | |
| 8. | | | | | | | | | | |
| 9. | | | | | | | | | | |
| 10. | | | | | | | | | | |
| 11. | | | | | | | | | | |
| 12. | | | | | | | | | | |
| 13. | | | | | | | | | | |
| 14. | | | | | | | | | | |
| 15. | | | | | | | | | | |
| 16. | | | | | | | | | | |
| 17. | | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Raslavich, Stephen | 05/11/2016 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Item No. 11. – Agreements

In August, 1993, I enterd into an agreement with my former partner, Michael S. Silberman, Esquire, with respect to my withdrawal from our law firm, Silberman, Markovitz, & Raslavich P.C. It became effective upon my assumption of duties as a United States Bankruptcy Judge. The terms of the Agreement are as follows:

1. Surrender of my shares in the Law Firm, as of the date of my departure from the Firm.

2. Division of all cash on hand at the date of my departure from the Firm.

3. Calculation of all accounts receivable of Law Firm as of the date of my departure from the Firm.

4. Agreement that all future collections of accounts receivable existing as of the date of my departure from the Firm will be divided, upon receipt, in accordance with the percentage used to divid cash on hand at date of departure. My percentage share of collected accured accounts receivable is to be remitted to me by the Firm monthly thereafter; no monies in respect to this agreement were received this year.

| Name of Person Reporting | Date of Report |
|---|---|
| Raslavich, Stephen | 05/11/2016 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Stephen Raslavich**

**NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)**

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544